Chief Justice Bibb
delivered the Opinion of the Court.
Those who set up the will, prove the execution thereof, by the testator, in sound mind, and the due publication thereof, with all the solemnities required by the statute. The same witness who proves the publication by the testator, and the attestation of himself and other witnesses, in the testator’s presence, and at his request, also proves the paper admitted to record by the county court, to be a substantial, if not a literal, copy, made by himself from memory, a few days after the death of the testator, which death was some days after the writing of the original by himself as published by the testator.
The instrument was executed by the decedant, in his last illness, and put under a looking glass which hung in the bed chamber of the testator, in which he was confined from the publication until his death. This writer and attesting witness also states that some days after the publication he informed the testator that the will was burnt, the testator replied that it was done by his orders; the law would make *362 & will for him. The witness was sot present at the destruction of the instrument.
Question.
Ground relied on for and against the will.
Objects of the statute of wills was to guard against both their fabrication and fraudulent destruction.
The sole question is, whether this is a sufficient revocation, as required by the statute.
The destruction of the will, and that the testator so ordered, is as incontestably proved, as the publication. The whole evidence is from the mouth of a single witness, introduced by those who set up the will, to prove the execution of the original, and that this is a copy. The objection made to the revocation is, that the witness does not prove it to have been done in the presence of the testator. To this objection the counsel against the will, reply that it is mot proved to have been done cut of his presence, and the destruction being ordered and done, with the intent to revoke, is sufficient.
The statute in requiring certain solemnities as to the execution arid revocation of wills, has remedied some inconveniences which had been experienced in the common law. it intends, more effectually to guard against frauds and perjuries, to prevent as well the setting up wills never made, as the avoiding of those which are in truth made, and never revoked. These hedges against frauds and perjuries, should not be broken by the constructions of the statute.
In the class of cases to which this belongs, wherein, by the total destruction of the instrument, memory pf the contents is to supply the loss of the writing, the safeguards looked to in the statute, are best promoted by indulging the presumption of revocation. To make a will for a dead man, by memory of an instrument, executed by him in his lifetime, and destroyed, to set it up as a disposition of his whole estate, unless those prejudiced by it, can make strict and close proof of destruction, in the very presence of the testator, would tend to facilitate the fraudulent manufacture of wills for deceased persons.
On the other hand, where a testator has duly published his will, that testament should not be avoid. *363 ed by the act of another in purloining or defacing the instrument against the consent of the testator.
An accidental obliterating, canceling, or destroying the paper of a will may not amount to a revocation of the will.
It must be intended to revoke the act, to make it amount to a revocation.
Not necessary to prove positively and in terms, the destruction of the paper was in the presence of the decedant; that may be inferred from the circumstances where the intent to revoke, and destruction are proved.
*363 The acts of destroying, obliterating or canceling, pointed out or permitted by the statute, were acts of revocation at common law; the statute, in part, is in affirmance of the common law. But these acts may be done to the instrument without the knowledge or participation of the testator, as by strangers; or by the testator himself, or through bis means, but by accident or error, as where he threw ink on the paper, instead of sand, or mistakes and .destroys one paper for another, and so obliterates or destroys, without any intention to revoke or annul the testament. Such acts are, therefore, equivocal, liable to mistake, and abuse and fraud and accident. The safety of the regulation of the common law, and of the statute, acting on these equivocal signs, consists in requiring evidence to explain or expound them. The fact of destruction, obliteration or cancelling, must be accompanied and joined with the intent of the testator, to revoke and annul the instrument.
Revocation is an act of the mind; it consists in the will and purpose to destroy, or annul the operation of the instrument. This will or purpose of mind must he made known by some one- or other of those outward signs or symbols of revocation, pointed out by the statute. Any one of these signs, or symbols performed in the slightest manner, joined with the declared intent, or settled purpose of revoking, will be a good revocation, it is the intention that must govern. The question is, has he revoked or not — revocavit vel non? It is a question of fact and intention. In pursuing the enquiry, the existence of one fact may be inferred from the proof of other facts.
From the facts proved, of the destruction of the instrument, the knowledge thereof by the decedant, his declarations that he had ordered it, that the law would make a will for him, and his abstaining from any attempt to supply the loss or destruction’of the paper, the intention to revoke must be inferred. It *364 cannot be necessary to prove positively and in terms-? the total destruction of the paper in the presence of the testator, by a witness who saw it. It is enough that the inward intent to revoke, and the outward symbol of revocation are so knit together and bound by the evidence that they cannot be separated.
Mandate.
Hardin, for plaintiffs; Denny, for defendants.
It is, therefore, considered by this court that the judgment of the Nelson county court be reversed, annuled and set aside; that the. cause be remanded to the said court, with a certificate, that the said instrument admitted to record as the last will and testament of Newell Beuchamp deceased, is not his will and testament, but was by him, in his lifetime revoked and annulled; and that the said county court take such other and further orders therein and (hereupon. as the law requires, upon the reversal of their said judgment.
Plaintiffs in this court to recover their costs.